UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT R. DETLOFF,

        Petitioner,

                              CASE NO. 2:17-CV-13040
v.                              HONORABLE SEAN F. COX

J. A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A
WRIT OF HABEAS CORPUS AND DENYING THE MOTION
FOR TERMINATION OF SUPERVISED RELEASE**

        Federal prisoner Scott R. Detloff filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his federal sentence. Specifically, Petitioner seeks credit for time served in federal pre-trial detention from June 21, 2012 through July 16, 2014. Following a series of transfers between courts due to changes in Petitioner's custodial location, the matter was recently transferred back to this Court for consideration. Respondent has since advised the Court, and the Court has confirmed, that Petitioner completed his federal sentence and was released from federal custody on July 16, 2018. *See* Petitioner's Inmate Profile, Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

        Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also*

*Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998). A court may raise the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As noted, the BOP's Inmate Locator database indicates that Petitioner was released from federal custody on July 16, 2018. Because Petitioner has completed his sentence and has been released from custody, the Court can no longer grant him relief on the sentencing claim contained in his petition. The present case has thus been rendered moot and the habeas petition must be dismissed on that basis. Accordingly, the Court **DISMISSES** as moot the petition for a writ of habeas corpus.

After his release from custody, Petitioner also filed a motion for termination of supervised release. While Petitioner seeks a new form of relief – the termination of his supervised release – his underlying claim – a challenge to the length of his sentence – is the same. Because Petitioner's sentencing claim has been rendered moot by the completion of his sentence, the Court can no longer

grant him habeas relief. Petitioner is required to complete his term of supervised release irrespective of when his sentence ended. Accordingly, the Court **DENIES** the motion for termination of supervised release. This case is closed.

    **IT IS SO ORDERED**.

Dated: August 8, 2018                                    s/Sean F. Cox
                                                             Sean F. Cox
                                                             U. S. District Judge

I hereby certify that on August 8, 2018, the foregoing document was served on counsel of record via electronic means and upon Scott R. Detloff via First Class mail at the address below:

Scott R. Detloff
1107 W. Taft Rd.
St. Johns, MI 48879

                                                                                   s/J. McCoy
                                                                                   Case Manager